Matter of Golomb (2019 NY Slip Op 09226)





Matter of Golomb


2019 NY Slip Op 09226


Decided on December 20, 2019


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND BANNISTER, JJ. (Filed Dec. 20, 2019.)


&em;

[*1]MATTER OF MARCY ELISSA GOLOMB, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of disbarment entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law in New York by this Court on February 4, 2003. Her attorney registration information on file with the Office of Court Administration indicates that her business address is located in Arizona. In July 2019, the Grievance Committee filed with this Court proof that, by order dated February 1, 2019, the Presiding Disciplinary Judge of the Supreme Court of Arizona disbarred respondent and directed her to pay restitution to one client in the amount of $750 (Matter of Golomb , 2019 WL 2950310, *1 [Ariz Sup Ct, Feb. 1, 2019]). Respondent's disbarment in Arizona occurred after a hearing panel issued a decision and order in January 2019 finding that she had neglected client matters, abandoned her law practice, and knowingly failed to perform legal work for which she had been paid.
Based upon the submission of the Grievance Committee, this Court entered an order on October 4, 2019, pursuant to 22 NYCRR 1240.13, directing respondent to appear on December 3, 2019, and to show cause why reciprocal discipline should not be imposed based on the misconduct underlying her disbarment in Arizona. Although the Grievance Committee filed proof that respondent was served with that show cause order in October 2019, respondent failed to appear on the return date and failed to submit a written response thereto.
Pursuant to 22 NYCRR 1240.13, this Court may discipline an attorney for misconduct underlying discipline imposed in another jurisdiction, unless we find "that the procedure in the foreign jurisdiction deprived the respondent of due process of law, that there was insufficient proof that the respondent committed the misconduct, or that the imposition of discipline would be unjust" (22 NYCRR 1240.13 [c]).
In this matter, respondent has failed to raise any factor that would preclude the imposition of reciprocal discipline. Accordingly, we conclude that respondent should be disbarred.